# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ZACHARY JOHNSON, and**
**RUSSELL KEITH HILL,**
      **Plaintiffs,**

    v.                                                                 **Case No. 12-CV-01282**

**ERIC H. HOLDER, JR., et al.,**
      **Defendants.**

## ORDER

      The plaintiffs, Zachary Johnson and Russell Hill, prisoners proceeding pro se, filed a joint complaint in the above captioned action. Pursuant to the Prison Litigation Reform Act ("PLRA"), and the decision of the Court of Appeals for the Seventh Circuit in Boriboune v. Berge, 391 F.3d 852 (7th Cir. 2004), each prisoner is required to pay the statutory filing fee of $350.00. This action comes before the court on the plaintiffs' motions for leave to proceed in forma pauperis.

      Under the PLRA, which amended the in forma pauperis statute, the court must assess an initial partial filing fee of twenty percent of the average monthly deposits to the plaintiff's account or average monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the complaint, whichever is greater. Id. After the initial fee is paid, the prisoner must make monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). "The agency having custody of the prisoner shall forward payments from the prisoner's account

to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fees are paid." Id.

Plaintiff Johnson filed a certified copy of his prisoner trust account statement for the 6-month period immediately preceding the filing of the complaint as required under 28 U.S.C. § 1915(a)(2). A review of this information reveals that, for the 6-month period immediately preceding the filing of the instant complaint, the average monthly deposit in the plaintiff's prison account was $0.00 and the average monthly balance to the account was $0.00. Thus, in accordance with the provisions of 28 U.S.C. § 1915(b)(1), plaintiff Johnson is required to pay an initial partial filing fee of $0.00.

Plaintiff Hill filed a certified copy of his prisoner trust account statement for the 6-month period immediately preceding the filing of the complaint as required under 28 U.S.C. § 1915(a)(2). A review of this information reveals that, for the 6-month period immediately preceding the filing of the instant complaint, the average monthly deposit in the plaintiff's prison account was $8.33 and the average monthly balance to the account was $1.38. Thus, in accordance with the provisions of 28 U.S.C. § 1915(b)(1), plaintiff Hill is required to pay an initial partial filing fee of $1.67.

The plaintiffs shall forward their respective filing fees to the Clerk of Court on or before **February 25, 2013**. Either plaintiff's failure to pay his initial partial filing fee within the specified time period will result in his dismissal from this action.

The PLRA also provides that if a prisoner files more than three actions or appeals which are dismissed as frivolous or malicious or for failure to state a claim upon which relief can be granted, the prisoner will be prohibited from bringing any other actions in forma

pauperis, unless the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). In the event that this action is later dismissed for any of the above reasons, it will have an impact on the prisoner's ability to bring other actions in forma pauperis. Accordingly, the plaintiffs will be afforded an opportunity to voluntarily dismiss this action to avoid incurring a "strike" under section 1915(g).

**NOTICE TO ALL PLAINTIFFS**: Pursuant to Boriboune, each plaintiff will be held legally responsible for the complaint and other filings made in the case on his behalf, and the representations made in those filings. See Fed. R. Civ. P. 11. Accordingly, each plaintiff will be subject to sanctions under Fed. R. Civ. P. 11 if such sanctions are found to be warranted in any aspect of the case. Boriboune, 391 F.3d at 854-55. Similarly, the "three-strikes rule," about which the plaintiffs were previously advised, will apply to "all claims in the complaint, whether or not they concern" an individual plaintiff personally. Id. at 855. Thus, each plaintiff stands to incur a strike pursuant to 28 U.S.C. § 1915(g) if the action is dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted. Id.

If you believe you may incur a "strike" under § 1915(g) when the merits of this case are addressed at a later stage of this litigation and you want to avoid that possibility, you may notify the Clerk of Court in writing within twenty-one days of the date of this order, stating that you do not wish to continue with this action. If the court receives such notification, this case will be dismissed without prejudice, without your incurring a "strike" under § 1915(g) and without your paying the filing fee as previously set forth.

**THEREFORE, IT IS ORDERED** that on or before **February 25, 2013**, the plaintiffs shall forward to the Clerk of Court their respective initial partial filing fees, as outlined above.

Upon payment of the initial partial filing fee, the court will determine whether the action can continue to proceed in forma pauperis. The court will review the complaint to determine that the action is not frivolous or malicious and that the complaint states a claim upon which relief can be granted. If the complaint does not meet this standard, the action will be dismissed.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the inmates are confined.

Dated at Milwaukee, Wisconsin this 4th day of February 2013.

    s/ Lynn Adelman
    _____
    LYNN ADELMAN
    District Judge