# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ZACHARY JOHNSON and RUSSELL KEITH HILL,
     Plaintiffs,

  v.                                                          Case No. 12-CV-01282

ERIC H. HOLDER, JR., JIM HOOD,
MICHAEL T. PARKER, KEITH STARRETT,
JAMES L. DENNIS, E. GRADY JOLLY, JR.,
CAROLYN DINEEN KING, JERRY E. SMITH,
PATRICK E. HIGGINBOTHAM,
JOHN DOES, Circuit Judges for the United States Court of Appeals for the Fifth Circuit,
PHYLLIS J. PYLES, and
ROYCE C. LAMBERTH,
     Defendants.

## ORDER

Plaintiffs are both inmates as the South Mississippi Correctional Institution in Leaksville, Mississippi. They filed a joint pro se complaint under 42 U.S.C. § 1983, alleging that their civil rights were violated. This matter is now before me on plaintiffs' motions for leave to proceed in forma pauperis and for screening of the complaint.

Each plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed in forma pauperis.

Plaintiff Russell Keith Hill filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and was assessed an initial partial filing fee of $1.67. This initial partial filing fee was due February 25, 2013. To date, it has not been paid. Accordingly, I will dismiss Hill as a plaintiff to this action for failure to prosecute and will

terminate his pending motions. However, even if Hill had paid the initial partial filing fee, his motion for leave to proceed in forma pauperis would have been denied because he has three strikes. See Hill v. Epps, 169 Fed. Appx. 199, 201 (5th Cir. 2006). Further, even if I denied Hill's motion for leave to proceed in forma pauperis and he paid the full filing fee, the reasoning below is equally applicable to Hill's claims.

Plaintiff Zachary Johnson also filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2). Plaintiff Johnson lacks the funds to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4). Therefor, I will proceed to screen Johnson's claims as set forth in the complaint.

As an initial matter, I note that plaintiffs did not use this court's form 1983 form, which is required by Civil Local Rule 9(b). However, asking plaintiffs to amend would be futile because the complaint fails to state a claim. I further note that these plaintiffs have filed the exact same complaint in other United States District Courts. It is unclear why plaintiffs chose to file in this court when they are based in Mississippi and the defendants named are based in Mississippi, the Fifth Circuit, and Washington, D.C. However, I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The complaint names a number defendants, most of whom are federal judges. However, the primary complaint focuses on Royce C. Lamberth, Chief Judge of the United

States District Court for the District of Columbia. The doctrine of judicial immunity protects judges from the fear of future litigation brought by disgruntled litigants unhappy with judicial decision-making. See Forrester v. White, 484 U.S. 219, 226–27 (1988). The claim against defendant Lamberth fails because "[a] judge has absolute immunity for any judicial actions unless the judge acted in the absence of all jurisdiction." Polzin v. Gage, 636 F.3d 834, 838 (7th Cir. 2011). The complaint contains no allegations of personal involvement by any of the other named defendants. Grieveson v. Anderson, 538 F.3d 763, 778 (7th Cir. 2008)

**THEREFORE, IT IS ORDERED** that plaintiff Russell Keith Hill is **DISMISSED** as a plaintiff to this action.

**IT IS FURTHER ORDERED** that plaintiff Zachary Johnson's motion for leave to proceed in forma pauperis (Docket #3) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff Russell Keith Hill's motion for reconsideration (Docket #12) and motion for leave to proceed in forma pauperis (Docket #13) are **TERMINATED**.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that Zachary Johnson has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that Zachary Johnson has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Secretary of the Mississippi Department of Corrections or his designee shall collect from plaintiff Zachary Johnson's prison trust account the $350.00 balance of the filing fee by collecting monthly payments from Johnson's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the inmates are confined.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 28th day of April, 2013.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge