UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ZACHARY JOHNSON
and RUSSELL KEITH HILL,
        Plaintiffs,

   v.                                             Case No. 12-CV-01282

ERIC H. HOLDER, JR., et al.,
        Defendants.

## ORDER

On April 28, 2013, I screened plaintiffs' complaint and dismissed this action; judgment was entered the next day. Plaintiff Russell Keith Hill's claims were dismissed without prejudice for failure to pay his initial partial filing fee. Plaintiff's Zachary Johnson's claims were dismissed for failure to state a claim. Now before me are motions filed by both plaintiffs.

On May 13, 2013, the court received a document entitled motion to reinstate/show cause. This motion purports to be on behalf of both plaintiffs, but it is only signed by Hill. This motion complains once again about U.S. District Judge J.P. Stadtmueller's order of recusal. Hill insists that Judge Stadtmueller should have provided detailed reason for his recusal. He also maintains that any decision I made in this case is legally frivolous and invalid because the case should have remained before Judge Stadtmueller. Nothing in Hill's motion changes the fact that he did not pay his initial partial filing fee. Hill is not entitled to relief under Federal Rule of Civil Procedure 60(b)(6), and he is not entitled to a statement of reasons for a judge's recusal.

On May 13, 2013, the court also received a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) signed by Zachary Johnson. Johnson argues that the court incorrectly focused in the screening order on the defendants rather than on the true merits of the claim. He lists eleven claims that he believes I overlooked in the complaint and maintains that I cannot dismiss the complaint until I make a merits determination on each of the claims.

Rule 59(e) allows the court to alter or amend a judgment if (1) the movant can demonstrate a manifest error of law or fact, (2) the movant presents newly discovered and previously unavailable evidence, (3) reconsideration is necessary to prevent manifest injustice, or (4) an intervening change in the law undermines the validity of the judgment. 11 Charles A. Wright et al., Federal Practice and Procedure, § 2810.1, at 125–27 (1995); see also Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996) ("Rule 59(e) allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact, and enables the court to correct its own errors and thus avoid unnecessary appellate procedures."). Whether to grant a motion to amend a judgment "is entrusted to the sound judgment of the district of the district court." In re Prince, 85 F.3d 314, 324 (7th Cir. 1996).

The dismissal of Johnson's complaint at screening was not a manifest error or law or fact. The complaint contained no allegations of personal involvement against any defendants other than Royce C. Lamberth, Chief Judge of the United States District Court for the District of Columbia, who is protected by judicial immunity. Polzin v. Gage, 636 F.3d 834, 838 (7th Cir. 2011). Therefore, the complaint had to be dismissed because liability

2

under § 1983 requires personal involvement. Grieveson v. Anderson, 538 F.3d 763, 778 (7th Cir. 2008).

**THEREFORE**, **IT IS ORDERED** that plaintiff Russell Keith Hill's motion to reinstate and motion for order to show cause (Docket #22) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff Zachary Johnson's motion for reconsideration (Docket #23) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 24th day of June, 2013.

s/ Lynn Adelman

LYNN ADELMAN
District Judge